**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KHURSHID RUSTAMOV,

      Petitioner,

      v.

TODD M. LYONS, *Acting Director,*
*Immigration & Customs Enforcement,*
et al.,

      Respondents.

Case No. 1:26-CV-239

Judge Michael R. Barrett

**OPINION & ORDER**

This matter is before the Court on Petitioner Khurshid Rustamov's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondents have filed a return and response in opposition. (Doc. 10). The petition is now ripe for review.

## I.    <u>FACTUAL BACKGROUND</u>

Petitioner, a citizen of Uzbekistan, entered the United States through the San Ysidro Port of Entry in October 2023. (Doc. 10, PageID 62). He expressed a fear of returning to Uzbekistan and indicated to immigration agents that he intended to apply for asylum. (*Id.*, PageID 63). Petitioner was placed in removal proceedings and paroled into the United States. But in February 2026—after his parole expired, but before his asylum application could be adjudicated—Petitioner was involved in a minor traffic accident and taken into custody after local police contacted Immigration

and Customs Enforcement ("ICE"). (Doc. 1, PageID 3). He remains in custody at the Butler County Jail.

The instant petition followed on March 6, 2026, with Petitioner arguing that his ongoing detention without a bond hearing violates his due process rights under the Fifth Amendment. Respondents counter that (1) the Court is without jurisdiction to review this petition; (2) Petitioner has not exhausted his available administrative remedies; (3) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b); and (4) Petitioner's continued detention does not run afoul of the Fifth Amendment.

## II.    CONTROLLING LAW & ANALYSIS

### a.  Jurisdiction

As a threshold matter, the Court must assess the fundamental question of its own subject matter jurisdiction. Under 28 U.S.C. § 2241, district courts possess the authority to grant a writ of habeas corpus to any petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Relevant here, "[a]lthough the court may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the demands of the Constitution." *Deng Chol A. v. Barr*, 455 F.Supp.3d 896, 901 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)); *see Diaz-Calderon v. Barr*, 535 F.Supp.3d 669, 675 (E.D. Mich. 2020) ("It has been well-established for over 100 years that habeas corpus is the vehicle through which noncitizens may challenge the fact of their detention.").

Respondents argue that the Court is deprived of subject matter jurisdiction by 8 U.S.C. §§ 1252(b)(9), (e)(3), and (g), and accordingly move to dismiss under Federal Rule of Civil Procedure 12(b)(1). (Doc. 10, PageID 64-68). Their argument is not persuasive. Numerous courts, including this one, have held that federal district judges retain jurisdiction under § 2241 to review habeas claims by noncitizen detainees, either to challenge pre-removal detention as unconstitutional or to raise legal questions regarding the government's statutory authority to detain them. *See Azalyar v. Raycraft*, ___ F.Supp.3d ___, No. 1:25-CV-916, 2026 U.S. Dist. LEXIS 3705, at *3-5 (S.D. Ohio Jan. 2, 2026); *Alonso-Portillo v. Bondi*, No. 1:25-CV-306, 2025 U.S. 167908, at *15-18 (S.D. Ohio Aug. 28, 2025) (collecting cases); *see also, e.g.*, *Malam v. Adducci*, 452 F.Supp.3d 643, 649 (E.D. Mich. 2020); *Lopez v. Barr*, 458 F.Supp.2d 171, 175 (W.D.N.Y. 2020); *Salvador F.-G. v. Noem*, No. 25-CV-243, 2025 U.S. Dist. LEXIS 111539 (N.D. Okla. June 12, 2025); *J.C.G. v. Genalo*, No. 1:24-CV-8755, 2025 U.S. Dist. LEXIS 8279 (S.D.N.Y. Jan. 14, 2025).

A plain-language reading, in addition to a body of case law that grows larger by the day, leads to the conclusion that the jurisdiction-stripping provisions contained in § 1252 do not serve to deprive the Court of jurisdiction to review Petitioner's challenge to his current detention. *See Coronado v. Sec'y, Dep't of Homeland Sec.*, No. 1:25-CV-831, 2025 U.S. Dist. LEXIS 258690, at *7-16 (S.D. Ohio Dec. 15, 2025). Jurisdiction is well established under these circumstances, and no further review is required. *See Zadvydas*, 533 U.S. at 687-88; *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

b. __Administrative Exhaustion__

Respondents argue that this petition is not properly before the Court because Petitioner has failed to exhaust his administrative remedies. Although Respondents concede that there is no statutory provision mandating the exhaustion of administrative remedies, they contend that the Court must nevertheless impose a prudential exhaustion requirement here. The Court declines to do so.

When determining whether to impose a prudential exhaustion requirement, "federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992). Both as a matter of "sound judicial discretion," *id.* at 144, and because this petition "presents a substantial constitutional question," *Lopez v. Barr*, 458 F.Supp.3d at 176, the Court will not mandate the exhaustion of administrative remedies.[1]

c. __Statutory Application__

The two statutes primarily at issue are 8 U.S.C. §§ 1225 and 1226, which generally govern the civil detention of noncitizens pending removal proceedings. The distinction between the two is critical. Respondents purport to hold Petitioner pursuant to § 1225(b), arguing as a result that he is not entitled to a custody redetermination. But that does not end the Court's inquiry. Rather, the statutory underpinning for Petitioner's detention is reflected by Respondents' actions and the

---

[1] Moreover, the petition raises "non-frivolous constitutional challenges to an agency's procedures," *Bangura v. Hansen*, 434 F.3d 487, 493 (6th Cir. 2006), and the Court agrees that requiring administrative exhaustion here would likely be futile, *see Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 235-36 (6th Cir. 2006). In the alternative, a waiver of the exhaustion requirement would be merited.

4

actual circumstances surrounding detention, and not merely Respondents' assertions. *See Beltrand v. Mattos*, No. 2:25-CV-1430, 2025 U.S. Dist. LEXIS 225346, at *8 (D. Nev. Nov. 14, 2025) (rejecting the "revised policy interpretation" that noncitizens lacking legal status "are subject to mandatory detention under § 1225(b) regardless of their presence within the country").

In short, the government can detain individuals "seeking admission into the country under § 1225(b)(1) and (b)(2)," or it can detain individuals "already in the country pending the outcome of removal proceedings under § 1226(a) and (c)." *Jennings*, 583 U.S. 281, 289 (2018) (cleaned up). And to that end, "§ 1225 provides for mandatory detention and § 1226[(a)] allows for the release of the noncitizen on conditional parole or bond." *Cobix v. Raycraft*, No. 1:25-CV-1669, 2025 U.S. Dist. LEXIS 257963, at *9 (W.D. Mich. Dec. 12, 2025). The undersigned has already joined "the overwhelming majority of fellow jurists from well over half of the federal judicial districts in the country" in concluding that "detention under § 1226(a) attaches where DHS encounters a noncitizen within the interior after admission or after a substantial period of continuous presence, whereas § 1225(b) applies only where the individual encountered is 'seeking admission' at the border or its functional equivalents." *Ortiz Gutierrez v. Raycraft*, ___ F.Supp.3d ___, No. 1:26-CV-69, 2026 U.S. Dist. LEXIS 32801, at *7 (S.D. Ohio Feb. 18, 2026) (cleaned up).

Neither the relevant caselaw, nor the applicable statutory framework, nor the accompanying regulations "give the government the authority and mandate to detain all noncitizens unlawfully present in the United States without bond." *Buenrostro-*

*Mendez v. Bondi*, ___ F.4th ___, No. 25-20496, 2026 U.S. App. LEXIS 3899, at *40 (5th Cir. Feb. 6, 2026) (Douglas, J. dissenting); *see Benitez v. Francis*, 795 F.Supp.3d 475, 484 (S.D.N.Y. 2025) ("a proper understanding of the relevant statutes, in light of their plain text, overall structure, and uniform case law interpreting them, compels the conclusion that § 1225's provision for mandatory detention of noncitizens 'seeking admission' does not apply to someone . . . who has been residing in the United States for more than two years."). "Applying § 1225(b) to an individual apprehended in the interior after years of continuous presence stretches the statutory text beyond its permissible bounds. Indeed, nothing in § 1225(b) or its interpretive case law permits DHS to treat Petitioner as an arriving alien engaged in inspection." *Falcon v. Florentino*, No. 25-17164, 2025 U.S. Dist. LEXIS 262112, at *6 (D.N.J. Dec. 18, 2025); *see also, e.g.*, *Benitez*, 795 F.Supp.3d at 486-92 (undertaking a painstaking and exhaustive statutory analysis finding the same).

### d. <u>Due Process</u>

Respondents argue that "Petitioner's claims of procedural due process violations fail because he is properly detained under § 1225(b)(1)," and claim further that, "with respect to Petitioner's substantive due process claim, detention of less than six weeks is of an insufficient length of time to state a claim for relief. . . ." (Doc. 10, PageID 72-73). The Court disagrees, and as it has under substantially similar circumstances, reiterates that "non-punitive detention in the immigration context violates the Due Process Clause absent adequate procedural protections or a special

6

justification outweighing a petitioner's liberty interest." *Azalyar*, 2026 U.S. Dist. LEXIS 3705, at *5 (cleaned up).

"The Due Process Clause extends to all persons regardless of status," including noncitizens, *Ariza v. Noem*, No. 4:25-CV-165, 2025 U.S. Dist. LEXIS 265012, at *28 (W.D. Ky. Dec. 23, 2025), and "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects," *Zadvydas v. Davis*, 533 U.S. at 690. The balance of factors weighs in Petitioner's favor; consequently, Petitioner's detention without a custody redetermination hearing is violative of his due process rights under the Fifth Amendment. *See Azalyar*, 2026 U.S. Dist. LEXIS 3705, at *4-12 (expanding upon and applying the factors from *Mathews v. Eldridge*, 424 U.S. 319 (1976)); *see also Ortiz Gutierrez*, 2026 U.S. Dist. LEXIS 32801, at *9-11.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner's continued detention is unlawful in the absence of an individualized, constitutionally adequate custody redetermination hearing. The petition for a writ of habeas corpus, (Doc. 1), is therefore **GRANTED**.

**IT IS ORDERED** that, on or before March 24, 2026, at 5:00 p.m. EDT, Respondents **shall** either release Petitioner from custody *or* provide Petitioner with a constitutionally adequate bond hearing before an IJ. In the event of the latter:

    **(1)** Respondents **shall** provide a copy of this order to the IJ
        prior to any hearing;

**(2)** the IJ **shall** have jurisdiction over the matter and be empowered to grant bond. *See Ortiz Gutierrez*, 2026 U.S. Dist. LEXIS 32801, at *5-9;

**(3)** Respondents **shall** *bear the burden of persuasion* of justifying Petitioner's continued detention and adduce *clear and convincing evidence* that Petitioner is a danger to the community. *See Black v. Decker*, 103 F.4th 133, 155 (1st Cir. 2024), *reh'g en banc denied*; *Soto-Medina v. Lynch*, No. 1:25-CV-1704, 2026 U.S. Dist. LEXIS 11113, at *12-27 (W.D. Mich. Jan. 21, 2026); and

**(4)** the IJ **shall** consider whether less restrictive alternatives to detention can reasonably address the government's interest, as well as Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 U.S. Dist. LEXIS 204541, at *20 (S.D.N.Y. Oct. 16, 2025).

**IT IS FURTHER ORDERED** that Respondents **shall** file a status report within one (1) business day following the above deadline to certify compliance with the Court's ruling. The certification shall note whether and when a bond hearing was held, whether bond was granted or denied, and the reasons therefore.

The Court retains jurisdiction to enforce this grant of relief, *see Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010), and adjudicate timely petitions filed under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

Michael R. Barrett
United States District Judge